David R. Jordan, Ariz. Bar No. 013891
***The Law Offices of David R. Jordan, P.C.***
1995 State Road 602
PO Box 840
Gallup, NM 87305-0840
(505) 863-2205
Fax: (866) 604-5709
david@jordanlegal.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **RUBY GATLING,** | |
| **Plaintiff,** | No._____ |
| vs. | **COMPLAINT** |
| **UNITED STATES OF AMERICA; APRIL ASHLEY; ERIC WILLIAMS; DELORES GREYEYES,** | |
| **Defendants.** | |

Plaintiff alleges:

1. This action arises under the Federal Tort Claims Act, 28 USC § 2674, et seq., and the Indian Self-Determination and Education Assistance Act of 1975, popularly known as "Public Law 93-638", 25 U.S.C. § 450, et seq. ("ISDEAA"). This action also arises under the doctrine of *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971).

2. This Court has jurisdiction based upon *Bivens* and based upon the Federal Tort Claims Act, 28 USC § 1346(b) and § 2674, and the ISDEAA, 25 U.S.C. § 450f(d).

3. April Ashley, Eric Williams and Delores Greyeyes (the "individual Defendants") were employed as employees of a federal contractor under the ISDEAA and were, accordingly, federal employees under the Federal Tort Claims Act. The United States is liable for their torts.

4. Pursuant to 28 USC § 2675, Plaintiff states that six months have expired since the submission of her claim with the Bureau of Indian Affairs. The BIA has administratively denied the claim. Accordingly, Plaintiff has exhausted her administrative remedies.

5. The Individual Defendants, while employed by a United States Indian Contractor under ISDEAA and while acting within the scope of their duties for the contractor, caused bodily injury to Plaintiff.

6. Defendant Greyeyes is the director of the Navajo Department of Corrections. In that capacity, she wrongfully deprived Plaintiff of her liberty by holding her in the Window Rock Jail from March 15-18, 2014 without probable cause, due process and without reasonable suspicion that she had committed an offense.

7. On March 15, 2014, Plaintiff was arrested and taken to the Window Rock Jail, in Window Rock, Arizona. No explanation was give to her for the charge that was the basis for the arrest. There was neither probable cause nor justification for the arrest. No criminal complaint was ever filed, and the proper documentation was never filed at corrections to incarcerate her. No police report was ever generated for the arrest.

8. After her incarceration, Defendants Ashley and Williams attacked her.

2

Williams hit her in the face twice. Ashley fractured her left arm. The left arm had previously been injured, and Plaintiff advised Defendant Ashley and Williams of the injury. Ashley nevertheless battered the arm so severely that the bone has had to be removed, and Plaintiff will have to live with a prosthetic bone for the rest of her life.

9. Defendants Williams and Ashley took Plaintiff to solitary. On the way, Williams kicked her multiple times. Ashley and Williams threw her on the floor of solitary, severely injuring her head. She was rendered unconscious by the force of being thrown on the floor. She woke up in a pool of her own blood, and was forced to pitifully cry for help, kicking the door. After she heard several renditions of "Shut up" and other various expletives, someone finally opened the door. Paramedics were called and she was taken to the hospital. She is still learning the extent of the head injury.

10. After three days, she was released from the Window Rock Jail.

11. She was terrified, and suffered severe injuries. She now has a prosthetic arm, an injured vertebra, an unknown head injury and constant migraines. Her head injury would not stop bleeding for two weeks. Plaintiff has suffered severe physical and emotional injury due her wrongful arrest and wrongful incarceration, and, especially, due to the beating that Defendants Williams and Ashley administered to her. She has also lost wages.

**FIRST CLAIM FOR RELIEF**

**(Negligence)**

12. Plaintiff realleges every allegation of the complaint.

13. The United States is vicariously liable for the failure of the Navajo Nation to conform to its legal duty to properly supervise the Individual Defendants.

14. This failure directly caused Plaintiff to suffer the injuries described in the complaint, including her loss of liberty.

15. As a result of the actions of the Defendants, Plaintiff has suffered actual physical harm, extensive emotional harm and mental anguish and wrongful loss of liberty.

16. Plaintiff hereby demands damages, in an amount to be determined at trial, plus interest, costs and such other relief as the Court deems appropriate.

**SECOND CLAIM FOR RELIEF**

**(Denial of Due Process)**

17. Plaintiff realleges every allegation of the complaint.

18. The Individual Defendants, and the United States acting vicariously through the Individual Defendants, deprived Plaintiff of life, liberty and/or property without allowing due process of law.

19. This denial directly caused the damages suffered by Plaintiff.

20. As a result of the actions of the Defendants, Plaintiff has suffered actual physical harm, loss of liberty and extensive emotional harm and mental anguish.

21. Plaintiff hereby demands damages, in an amount to be determined at trial, plus interest, costs and such other relief as the Court deems appropriate.

## THIRD CLAIM FOR RELIEF

### (Illegal Search and Seizure)

22. Plaintiff realleges every allegation of the complaint.

23. The Individual Defendants, and the United States acting vicariously through the Individual Defendants, engaged in an unlawful seizure of Plaintiff's person.

24. This failure directly caused the damages suffered by Plaintiff.

25. As a result of the actions of the Defendants, Plaintiff has suffered actual physical harm, loss of liberty and extensive emotional harm and mental anguish.

26. Plaintiff hereby demands damages in an amount to be determined at trial, plus interest, costs and such other relief as the Court deems appropriate.

## FOURTH CLAIM FOR RELIEF

### (Cruel and Unusual Punishment)

27. Plaintiff realleges every allegation of the complaint.

28. The Individual Defendants, and the United States acting vicariously through the Individual Defendants, engaged in the cruel and unusual punishment of the Plaintiff.

29. This failure directly caused the damages suffered by Plaintiff.

30. As a result of the actions of the Defendants, Plaintiff has suffered actual physical harm and extensive emotional harm and mental anguish.

31. Plaintiff hereby demands damages in an amount to be determined at trial, plus interest, costs and such other relief as the Court deems appropriate.

## FIFTH CLAIM FOR RELIEF

### (Battery)

32. Plaintiff realleges every allegation of the complaint.

33. Defendants Ashley and Williams, and the United States acting vicariously through these Defendants, engaged used excessive force upon the person of the Plaintiff. This excessive force was not necessary for the exercise of their correctional officer duties and constituted a battery upon the person of the Plaintiff.

34. This excessive force is actionable and directly caused the damages suffered by Plaintiff.

35. As a result of the actions of the Defendants, Plaintiff has suffered actual physical harm and extensive emotional harm and mental anguish.

36. Plaintiff hereby demands damages in an amount to be determined at trial, plus interest, costs and such other relief as the Court deems appropriate.

## SIXTH CLAIM FOR RELIEF

### (Assault)

37. Plaintiff realleges every allegation of the complaint.

38. Defendants Ashley and Williams, and the United States acting vicariously through these Defendants, placed Plaintiff in immediate fear of an unlawful and unwelcome touching, constituting the tort of assault. The assault was not necessary for the exercise of their correctional officer duties.

39. This assault is actionable and directly caused the damages suffered by

Plaintiff.

40. As a result of the actions of the Defendants, Plaintiff has suffered actual physical harm and extensive emotional harm and mental anguish.

41. Plaintiff hereby demands damages in an amount to be determined at trial, plus interest, costs and such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

42. Plaintiff hereby demands a jury trial on all issues so triable.

## DEMAND FOR RELIEF

WHEREFORE, having stated these claims against Defendants, Plaintiff requests damages in an amount to be proven at trial, plus interest, costs and such other relief as the Court deems appropriate.

DATED this 30th day of April, 2015.

*The Law Offices of David R. Jordan, P.C.*

*/s/ David R. Jordan filed electronically 4/30/15*
David R. Jordan
1995 State Road 602
PO Box 840
Gallup, New Mexico 87305
Attorney for Plaintiff