**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruby Gatling,<br><br>        Plaintiff,<br><br>v.<br><br>United States of America, et al.,<br><br>        Defendants. | No. CV-15-08070-PCT-SMM<br><br>**ORDER** |

Pending before the court is the Navajo Nation's (the "applicant") Motion for Leave to Intervene as Defendant as of right pursuant to Fed. R. Civ. P. Rule 24(a)(2). (Doc. 47.) Plaintiff does not oppose the motion. Id. Defendant United States of America, who opposes the motion, has responded. (Doc. 50.) The Court has reviewed the briefing and makes the following ruling.

**I. BACKGROUND**

This case was originally filed in April of 2015 based upon the Federal Torts Claim Act 28 U.S.C. § 2674, the Indian Self-Determination and Education Assistance Act of 1975 25 U.S.C. § 450, et seq. "(ISDEAA), and the doctrine of Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971). (Doc. 1.) On August 24, 2015, Defendant United States subsequently filed a motion to dismiss for lack of jurisdiction and for failure to state a claim (Doc. 12). On January 13, 2016, the Court granted in part and denied in part Defendant United States motion to dismiss. (Doc. 23.) On April 1, 2016, Plaintiff filed an amended complaint (Doc. 39.) On April 29, 2016, Defendant United States filed a motion

to dismiss the amended complaint (Doc. 45). On May 24, 2016, the Navajo Nation filed a motion to intervene. (Doc. 47.) On July 1, 2016, the Court granted Defendant United States' motion to dismiss the amended complaint. (Doc. 52.)

Remaining in the case are 5 claims against the United States. They are: (1) False Imprisonment for the actions of Yazzie; (2) Negligent Supervision for the alleged False Imprisonment committed by Yazzie; (3) Negligent Supervision for the failure of the Individual Defendants to protect Plaintiff from unreasonable uses of force by other Individual Defendants; (4) Negligent Supervision for the negligence of Individual Defendants in leaving Plaintiff in solitary confinement when she was in need of immediate medical attention; and (5) Negligent Supervision for the failure of Individual Defendants to administer aid to Plaintiff when her injuries had been directly caused by the Individual Defendants. (Id.)

The Navajo Nation and the United States are parties to a 638 contract under the Indian Self-Determination and Education Assistance Act. (See Docs. 23; 52 (discussing the relationship between United States and Indian tribes under these contracts)).

**II. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 24(a) states:

> On a timely motion, the court must permit anyone to intervene who…claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed.R.Civ.P. 24(a)(2). Intervention as of right under Rule 24(a) requires satisfaction of a four-part test: (1) the applicant must file a timely motion; (2) the applicant must have "significantly protectable" interest related to the subject matter of the action; (3) the disposition of the action may practically impair or impede the applicant's ability to protect that interest; and (4) the interest must not be adequately represented by the existing parties in the lawsuit. Wilderness Soc. V. U.S. Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011). The party seeking to intervene bears the burden of showing all four requirements for intervention have been met. United States v. City of Los Angeles, Cal.,

288 F.3d 391, 397 (9th Cir. 2001).

Rule 24(a) is construed "liberally in favor of proposed intervenor" with the court taking into account practical considerations. Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 818 (9th Cir. 2001). When ruling on a motion to intervene as a matter of right, the court accepts all of the applicant's non-conclusory allegations as true. Id. at 819.

**III. DISCUSSION**

    **A. Intervention as of Right**

*Timeliness*

This court evaluates three factors to determine whether a motion to intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." United States ex rel. McGough v. Covington Technologies Co., 967 F.2d 1391, 1394 (9th Cir.1992) (quotations omitted). Delay is measured from the date the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties, not the date it learned of the litigation. Officers for Justice v. Civil Serv. Comm'n of San Francisco, 934 F.2d 1092, 1095 (9th Cir.1991). Although the length of the delay is not determinative, any substantial lapse of time weighs heavily against intervention. Id. If the court finds that the motion to intervene was not timely, it need not reach any of the remaining elements of Rule 24. United States v. Oregon, 913 F.2d 576, 588 (9th Cir.1990), cert. denied, 501 U.S. 1250, 111 S.Ct. 2889, 115 L.Ed.2d 1054 (1991).

Applicant seeks to intervene a full twelve months after this action was commenced. There has been a motion to dismiss, an amended complaint, a renewed motion to dismiss parts of the amended complaint, and a granting of the renewed motion to dismiss.

Parties have been under the impression that the applicant, Navajo Nation, has purposefully preserved sovereign immunity in relation to this case. If the applicant were to be let in, many jurisdictional and immunity issues would arise, and there would be a

- 3 -

1   great delay in discovery as well as a distinct change in how both parties would approach
2   the case.
3        Applicant has not provided a reason for the delay. When the Court granted the
4   first motion to dismiss in January of 2016, the Individual Defendants were dismissed
5   from the action. This indicates that the Navajo Nation had the same reason to intervene
6   then, but delayed until now.
7        Defendant United States did not oppose the motion to intervene based on the
8   timeliness factor. However, the Court nonetheless finds that the Navajo Nation's Motion
9   to Intervene is untimely based on the late stage of the proceeding, the significant
10  prejudice to the other parties, and the lack of reason for the delay.

*Significantly Protectable Interest*

To demonstrate a significantly protectable interest, the intervenor must establish that (1) its interest is protected under some law and (2) there is a relationship between that legally protected interest and the plaintiff's claims. Sierra Club v. U.S. E.P.A., 995 F.2d 1478, 1484 (9th Cir. 1993) abrogated on other grounds, Wilderness Soc. V. U.S. Forest Serv., 630 F.3d 1173 (9th Cir. 2011). By allowing a party with a practical interest to intervene, courts prevent or simplify future litigation that otherwise might occur. See Forest Conservation Council v. U.S. Forest Service, 66 F.3d 1489, 1493 (9th Cir. 1995). "[A] party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." California ex rel. Lockyer v. United States, 450 F.3d 436, 441 (9th Cir. 2006). A sufficient protectable interest in an action for purposes of intervention is a "practical, threshold inquiry." City of Los Angeles, 288 F.3d at 398.

The Navajo Nation argues that it has an interest in the United States defending all of Plaintiff's claims. Applicant argues that their interest is protected under the relevant 638 contract and that the United States is not following through on their contractual obligations. (Doc. 47 at 3.) Applicant seeks to intervene to uphold these alleged contractual obligations. The Court finds that the United States did not breach the contract

because the contract contemplated who the United States must defend when she or he commits an intentional tort. The Court previously found that an SLEC was required in order for the United States to defend those intentional tort actions by a law enforcement officer. (Doc 52.) Section 2680(h) of the FTCA states:

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. *For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.*

28 U.S.C. § 2680(h). (emphasis added).

"The Deputation Agreement Between Office of Justice Services and the Navajo Nation" indicates that the parties did consider clarifying the confusion about which officers should be treated as "federal" law enforcement officers:

> The parties further expressly recognize the manifest intent of the Indian Law Enforcement Reform Act to eliminate the uncertainties that previously resulted in the reluctance of various law enforcement agencies to provide services in Indian country for fear of being subjected to tort and civil rights suits as a consequence of the enforcement of carrying out in Indian country of certain federal law. To eliminate such concerns, pursuant to the authority granted by 25 U.S.C. § 2804(a) and (f), *a Tribal Law Enforcement Officer who is deputized by the Bureau of Indian Affairs Special Law Enforcement Commission will be deemed an employee of Department of Interior for purposes of the Federal Torts Claim Act while enforcing or carrying out laws of the United States covered by this deputation agreement*, to the extent outlined in this agreement.

(Doc. 45-2 at 32.) (emphasis added). An SLEC gives the deputized Tribal Law Enforcement Officer the power to enforce "all Federal laws applicable within Indian country . . . ." (Doc. 45-2 at 34.) Further, in characterizing officers holding SLECs, the relevant contract indicates: "Officers holding SLECs are treated as BIA police officers

- 5 -

for enforcing Federal Laws." (Doc. 45-2 at 36.) Indeed, under the section in the contract, "Federal Liability for SLEC Holders" it states: "The SLEC grants the holder specific Federal Authority and responsibility, and as a result places a high level of liability risk on the U.S. government." (Doc. 45-2 at 48.)

The Court granted Defendant United States' motion to dismiss the claims for and arising out of the intentional torts allegedly committed by Defendants Ashley, Williams, and Greyeyes because it found that those officers did not have SLECs and therefore, were not federal law enforcement officers subject to the intentional tort exception of the FTCA. (Doc. 45.) Defendant Yazzie did have an SLEC, and accordingly, the United States will defend the claims for and arising out of his alleged intentional tort.

Based on this, the Court finds that the United States is not foregoing an obligation under the relevant 638 contract because they are not required to defend individual defendants without an SLEC that have committed an intentional tort. In conclusion, the Court finds no interest that is protected by law and therefore no impaired ability to protect that interest.

*Inadequate Representation by the United States*

In determining whether an applicant's interests are adequately represented, the Court must consider (1) "whether the interest of a present party is such that it will undoubtedly make all intervenor's arguments," (2) "whether the present party is capable and willing to make such arguments," and (3) "whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect." State of Cal. v. Tahoe Reg'l Planning Agency, 792 F.2d 775, 778 (9th Cir. 1986) (citations omitted).

This Motion to Intervene fails on factors 1 and 2. Furthermore, the 638 contract in question is governed by the Contract Disputes Act. See 25 U.S.C. 450m-1. The ISDEAA mandates that the CDA governs disputes between tribes and the United States over 638 contracts. Id. The CDA specifically provides that the tribe file an administrative claim and then file an action in the federal court of claims or federal district court. Id. at (a),(d). The Navajo Nation is able to adequately represent their claims through this method, and

therefore it is not necessary that they intervene as a Defendant in this action.

### B. Permissive Intervention

Permissive intervention is available to "anyone…who has a claim or defense that shares with the main action a common question of law or fact" when the intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b). Whether to permit intervention in such circumstances is within the Court's discretion. Id. Here, the applicant is not likely to present arguments that respond and relate directly to Plaintiff's lawsuit. Rather they are issues relating to applicant's contract with the United States. Thus, the Court will not allow the applicant to permissively intervene pursuant to Rule 24(b).

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED DENYING** the Navajo Nation's Motion for Leave to Intervene as Defendant (Doc. 47.)

Dated this 5th day of July, 2016.

Honorable Stephen M. McNamee
Senior United States District Judge

- 7 -